**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| TED KUBALA, JR., Individually and for Others Similarly Situated | **Case No.** _____ |
| v. | Jury Trial Demanded |
| SETPOINT INTEGRATED SOLUTIONS, INC. | FLSA Collective Action |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

### SUMMARY

1. Ted Kubala, Jr. (Kubala) brings this collective action to recover unpaid overtime wages and other damages from Setpoint Integrated Solutions, Inc. (Setpoint).

2. Setpoint employs Kubala as one of its Hourly Employees (defined below).

3. Setpoint pays Kubala and the other Hourly Employees by the hour.

4. Kubala and the other Hourly Employees regularly work more than 40 hours a workweek.

5. But Setpoint does not pay Kubala and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

6. Instead, Setpoint pays Kubala and the other Hourly Employees non-discretionary bonuses and shift differentials that it fails to include in these employees' regular rates of pay for overtime purposes (Setpoint's "bonus pay scheme").

7. Setpoint's bonus pay scheme violates the Fair Labor Standards Act (FLSA) by failing to compensate Kubala and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 each workweek.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. This Court has personal jurisdiction over Setpoint because based on its substantial contacts with and business done in Texas, including registering to do business in Texas and employing Kubala and other Hourly Employees in Texas.

10. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in Corpus Christi, Texas, which is located in this District and Division. 28 U.S.C. § 1391(b)(2).

11. Specifically, Setpoint employed Kubala pursuant to its bonus pay scheme in and around Corpus Christi, Texas.

## PARTIES

12. Setpoint has employed Kubala as a pressure relief valve technician I since approximately August 2023.

13. Throughout his employment, Setpoint has paid Kubala under its bonus pay scheme.

14. Kubala brings this collective action on behalf of himself and other similarly situated Setpoint employees paid under its bonus pay scheme.

15. The putative FLSA collective of similarly situated employees is defined as:

> **All hourly Setpoint employees who were paid a that was not included in their regular rate of pay during the last three years through final resolution of this action (the "Hourly Employees").**

16. Setpoint is a Delaware corporation with its principal place of business in Baton Rouge, Louisiana.

17. Setpoint may be served with process through its registered agent: **National Registered Agents, Inc.**, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## FLSA COVERAGE

18. At all relevant times, Setpoint was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

19. At all relevant times, Setpoint was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

20. At all relevant times, Setpoint was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

21. At all relevant times, Setpoint had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

22. At all relevant times, Kubala and the other Hourly Employees were Setpoint's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

23. At all relevant times, Kubala and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

24. Setpoint bills itself as an "expert in the process control industry… support[ing] the power, refining, and chemical industries with the best in class value repair services, delivering process solutions for control, relief, and automated valve requirements, along with industrial equipment."[1]

25. To meet its business objectives, Setpoint employs workers, including Kubala and the other Hourly Employees.

---

[1] https://setpointis.com/about (last visited April 23, 2025).

26. For example, Setpoint has employed Kubala as a pressure relief valve technician I in and around Corpus Chrisi, Texas since approximately August 2023.

27. As a pressure relief valve technician I, Kubala's job duties include checking, cleaning, and inspecting valves, as well as other valve quality control functions.

28. Throughout his employment, Kubala has regularly worked more than 40 hours a workweek.

29. Indeed, Kubala typically works approximately 12 to 14 hours a day for 13 days on and 1 day off (84 to 98 hours a workweek).

30. And Setpoint pays Kubala approximately $27.67 an hour.

31. Likewise, the other Hourly Employees typically worked approximately 12 to 14 hours a day for 13 days on and 1 day off (84 to 98 hours a workweek).

32. And Setpoint records Kubala's and the other Hourly Employees' "on the clock" hours worked via timesheets completed by Setpoint's management.

33. At the end of each pay period, Kubala and the other Hourly Employees receive wages from Setpoint that are determined by common systems and methods that Setpoint selects and controls.

34. But Setpoint does not pay Kubala and the other Hourly Employees at the required overtime rate for all hours worked in excess of 40 hours a workweek.

35. Instead, Setpoint pays Kubala and the other Hourly Employees under its bonus pay scheme.

36. Specifically, under its bonus pay scheme, Setpoint pays Kubala and the other Hourly Employees non-discretionary bonuses and shift differentials it agreed in advance to pay them, but that it fails to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

37. For example, during the pay period ending March 3, 2024, Setpoint failed to include field shift differentials in Kubala's regular rate of pay:

| Earnings | | 133.20 | | $4,335.60 | 617.66 | $21,214.25 |
|---|---|---|---|---|---|---|
| HOLIDAY | | | | | 24.00 | $648.00 |
| REGULAR | | 80.00 | 27.0000 | $2,160.00 | 372.77 | $10,064.70 |
| FIELD PAY | | | | | 13.00 | $26.00 |
| PTO | | | | | 24.00 | $648.00 |
| OVERTIME | | 53.20 | 40.5000 | $2,154.60 | 182.12 | $7,801.88 |
| BONUS | | | | | | $1,853.28 |
| FIELD REGULAR | | | | $18.00 | | $132.86 |
| FIELD OVERTIME | | | | $3.00 | | $36.00 |
| SHIFT DIFF REG | | | | | 1.77 | $3.53 |

38. Thus, under its bonus pay scheme, Setpoint does not pay Kubala and the other Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

## COLLECTIVE ACTION ALLEGATIONS

39. Kubala brings his claims as a collective action under Section 216(b) of the FLSA on behalf of himself and the other Hourly Employees.

40. Like Kubala, the other Hourly Employees are victimized by Setpoint's bonus pay scheme.

41. Other Hourly Employees worked with Kubala and indicated they were paid in the same or similar manner under Setpoint's bonus pay scheme.

42. Based on his experience with Setpoint, Kubala is aware Setpoint's bonus pay scheme was imposed on other Hourly Employees.

43. The Hourly Employees are similarly situated in the most relevant respects.

44. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked.

45. Therefore, the specific job titles or locations of the Hourly Employees do not prevent collective treatment.

46. Rather, Setpoint's bonus pay scheme renders Kubala and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate for all overtime hours worked.

47. Setpoint's records reflect the number of hours it recorded the Hourly Employees working "on the clock" each week.

48. Setpoint's records also show it paid the Hourly Employees non-discretionary bonuses and shift differentials it failed to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

49. The back wages owed to Kubala and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

50. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Setpoint's records, and there is no detraction from the common nucleus of liability facts.

51. Therefore, the issue of damages does not preclude collective treatment.

52. Kubala's experiences are therefore typical of the experiences of the other Hourly Employees.

53. Kubala has no interests contrary to, or in conflict with, the other Hourly Employees that would prevent collective treatment.

54. Like each Hourly Employee, Kubala has an interest in obtaining the unpaid wages owed under federal law.

55. Kubala and his counsel will fairly and adequately protect the interests of the Hourly Employees.

56. Kubala retained counsel with significant experience in handling complex collective action litigation.

57. Absent this collective action, many Hourly Employees will not obtain redress for their injuries, and Setpoint will reap the unjust benefits of violating the FLSA.

58. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

59. Indeed, the multiplicity of actions would create hardship for the Hourly Employees, the Court, and Setpoint.

60. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

61. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

62. Among the common questions of law and fact are:

   a. Whether Setpoint paid the Hourly Employees non-discretionary bonuses;

   b. Whether Setpoint failed to include non-discretionary bonuses and shift differentials in calculating the Hourly Employees' regular rates of pay;

   c. Whether Setpoint failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

   d. Whether Setpoint's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

   e. Whether Setpoint's violations were willful?

63. As part of its regular business practices, Setpoint intentionally, willfully, and repeatedly violated the FLSA with respect to Kubala and the other Hourly Employees.

64. Setpoint's bonus pay scheme deprived Kubala and the other Hourly Employees of the overtime wages at the required premium rate—based on all remuneration—they are owed under federal law.

65. There are many similarly situated Hourly Employees who have been denied overtime pay at the required rate—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

66. The Hourly Employees are known to Setpoint, are readily identifiable, and can be located through Setpoint's business and personnel records.

### SETPOINT'S VIOLATIONS WERE WILLFUL

67. Setpoint knew it employed Kubala and the other Hourly Employees.

68. Setpoint knew it was subject to the FLSA's overtime provisions.

69. Setpoint knew the FLSA required it to pay non-exempt employees, including Kubala and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

70. Setpoint knew Kubala and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because it recorded these employees' "on the clock" hours worked via its timekeeping system.

71. Setpoint knew Kubala and the other Hourly Employees were non-exempt employees entitled to overtime wages.

72. Setpoint knew it paid Kubala and the other Hourly Employees non-discretionary bonuses and shift differentials.

73. Setpoint knew these non-discretionary bonuses were required to be, but were not included in Kubala's and the other Hourly Employees' regular rates of pay for overtime purposes.

74. And Setpoint knew the FLSA required it to pay Kubala and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

75. Setpoint's failure to pay Kubala and the other Hourly Employees overtime at the required rate—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

76. Setpoint knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme that deprived Kubala and the other Hourly Employees of overtime wages at the required rate of pay—based on all remuneration—for all hours worked after 40 in a workweek, in violation of the FLSA.

## COUNT I
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (FLSA COLLECTIVE)

77. Kubala brings his FLSA claim as a collective action on behalf of himself and the other Hourly Employees pursuant to 29 U.S.C. § 216(b).

78. Setpoint violated, and is violating, the FLSA by employing non-exempt employees, such as Kubala and the other Hourly Employees, in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

79. Setpoint's unlawful conduct harmed Kubala and the other Hourly Employees by depriving them of the overtime wages they are owed.

80. Accordingly, Setpoint owes Kubala and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

81. Because Setpoint knew or showed reckless disregard for whether its bonus pay scheme violated the FLSA, Setpoint owes Kubala and the other Hourly Employees these wages for at least the past 3 years.

82. Setpoint is also liable to Kubala and the other Hourly Employees for an amount equal to all their unpaid overtime wages as liquidated damages.

83. Finally, Kubala and the other Hourly Employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

84. Kubala demands a trial by jury on all Counts.

## RELIEF SOUGHT

WHEREFORE, Kubala, individually and on behalf of the other Hourly Employees, seeks the following relief:

    a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Hourly Employees allowing them to join this action by filing a written notice of consent;

    b. An Order finding Setpoint liable to Kubala and the other Hourly Employees for unpaid overtime wages owed under the FLSA plus an equal amount as liquidated damages;

    c. A Judgment against Setpoint awarding Kubala and the other Hourly Employees all their unpaid overtime wages, liquidated damages, and any other penalties available under the FLSA;

    d. An Order awarding attorney's fees, costs, and expenses;

    e. Pre- and post-judgment interest at the highest applicable rates; and

    f. Such other and further relief as may be necessary and appropriate.

Date:  April 28, 2025

Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: */s/Michael A. Josephson*
Michael A. Josephson
TX Bar No. 24014780
SD TX No. 27157
Andrew W. Dunlap
TX Bar No. 24078444
Fed. ID No. 1093163
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
TX Bar No. 24001807
Fed. ID No. 21615
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:    (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR KUBALA AND THE HOURLY EMPLOYEES**